COURT OF CHANCERY
OF THE
STATE OF DELAWARE

ABIGAIL M. LEGROW
MASTER IN CHANCERY

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report:  October 9, 2015
Submitted:  August 4, 2015

Scott E. Swenson, Esquire
Connolly Gallagher LLP
The Brandywine Building
1000 West Street, Suite 1400
Wilmington, DE 19801

Richard H. Cross, Jr., Esquire
Cross & Simon, LLC
1105 North Market Street, Suite 901
Wilmington, DE 19899

> Re:  *IMO the Last Will & Testament of Wilma B. Kittila, deceased*
> C.A. No. 8024-ML

Dear Counsel:

In my final report dated June 24, 2015, I concluded that the petitioners ("Petitioners"), although unsuccessful in their efforts to contest the will of Wilma B. Kittila ("Wilma"), had met the burden of showing they were entitled to have at least a portion of their attorneys' fees paid by Wilma's estate.  At the time I issued that report, Petitioners had not filed a fee petition, so I was unable to consider the amount Petitioners were requesting in relation to the size of the estate.  I therefore instructed the parties to meet and confer in an attempt to reach a resolution

regarding the amount of Petitioners' fees to be paid by the estate, and – if the parties were unable to agree – to submit supplemental briefing regarding that issue.

The parties were unable to stipulate to the amount of fees to be paid to Petitioners by the estate, and Petitioners' counsel therefore filed a fee petition and accompanying affidavit of fees. The Petitioners incurred $224,565.46 in attorneys' fees and costs to contest Wilma's 2009 Will and 2004 Will.[1] That amount does not reflect fees incurred by Petitioners before hiring their current counsel.[2] Petitioners contend they are entitled to be reimbursed for that entire amount. The estate opposes that request, largely because the amount of the fees Petitioners incurred is disproportionate to the amount in Wilma's estate.

According to the inventory filed by the personal representative of Wilma's estate, the value of the estate at the time of her death was $440,163.25. In my view, this is the appropriate value from which to determine what portion of Petitioners' attorneys' fees should be paid by the estate. The estate contends there is only $351,330.27 currently left in the estate, the reduced amount reflecting the estate's payment of its attorneys' fees and costs in defending this case.[3] In my view, it would not be fair to determine Petitioners' fee request based on this net figure. Rather, the Court should consider the question more generally: whether

---

[1] Affidavit of Scott E. Swenson, Esquire ¶ 2.
[2] Fee Petition at 3, n.2.
[3] Response of Executor to Pet'rs' Fee Petition ¶ 5 and Ex. A.

the attorneys' fees requested by an unsuccessful will contestant are proportional to the gross size of the estate, while also taking into consideration the attorneys' fees incurred by the estate in defending the will contest.[4]

Petitioners first argue that the attorneys' fees they incurred in this action were reasonable in light of the complex factual record at issue and the experienced counsel representing both sides. Petitioners successfully defended a motion to dismiss, filed two successful motions to compel, assembled a detailed factual record, retained an expert witness, presented evidence at a three-day trial, and submitted comprehensive pre-trial and post-trial briefing and argument. Significantly, although the estate argues that the amount of the fees is disproportionate to the amount at stake, the estate does not argue that the fees incurred are unreasonable in relation to the work counsel performed.[5]

The estate's argument regarding proportionality is well taken. In a previous decision of this Court awarding attorneys' fees to an unsuccessful will contestant, the Court admonished that "fees should not be awarded in such an amount as to virtually dissipate the estate."[6] If the Court were to award Petitioners the full amount of fees and costs they seek, Wilma's estate would be reduced to

---

[4] *See, e.g. In re Estate of Newell*, 1977 WL 23836, at *2 (Del. Ch. Dec. 20, 1977) (taking into consideration both the contestants' counsel fees and the estate's counsel fees in determining the amounts to be paid by the estate to each side).

[5] Response of Executor to Pet'rs' Fee Petition at 4-5.

[6] *In re Estate of Newell*, 1977 WL 23836, at *2 (Del. Ch. Dec. 20, 1977).

approximately half its original size, thereby defeating the testator's intent in a case where I previously determined that the testator had capacity to make a will and was not unduly influenced in selecting the beneficiaries of her estate. When considered in conjunction with the attorneys' fees paid by the estate to defend this action, awarding Petitioners their total fees and costs would leave approximately one quarter of the estate for Wilma's designated beneficiaries. As between an unsuccessful will contestant and a testator with capacity, the Court must favor a result that ensures the testator's intent is upheld.

The remainder of the estate's response to the fee petition is devoted to criticizing the conclusion I reached in my June 24, 2015 final report regarding whether Petitioners had established the "exceptional circumstances" necessary to shift fees in favor of an unsuccessful will contestant. The estate's argument depends in large measure on a factual contention that is at odds with my findings in the post-trial report. That is, the estate contends that Wilma altered her testamentary scheme to "disinherit" Petitioners because they filed the petition seeking guardianship of Wilma. According to the estate, this "fact" negates my reasoning that the exceptional circumstances in this case included Wilma's abrupt and unexplained decision to cease contact with Petitioners and cut them out of her estate. The "fact" on which the estate relies in making this argument, however, is expressly contrary to the facts that I found after trial and to which the estate did not

take exception, namely that it was "more likely than not that the decedent already intended to revise her will and exclude the family as beneficiaries before the guardianship petition was filed."[7] I concluded that "[n]o coherent, definitive explanation for that decision" was offered by Wilma or her estate.[8]

In my view, it would be fair to award Petitioners attorneys' fees and costs equal to 20 percent of the value of the estate at the time of Wilma's death, which equates to $88,032.65. I believe this award fairly balances the competing interests at stake, namely my previous finding that Petitioners demonstrated the probable cause and exceptional circumstances necessary for the Court to award attorneys' fees to an unsuccessful will contestant, and the importance of ensuring that an award of fees does not eviscerate the testator's intent.

For the foregoing reasons, I recommend that the Court order the estate to pay Petitioners' attorneys' fees in the amount of $88,032.65. This is my final report. The parties may take exceptions to this report, as well as my June 24, 2015 final report, in accordance with Court of Chancery Rule 144.

Respectfully submitted,

*/s/ Abigail M. LeGrow*

Master in Chancery

---

[7] *In re Will of Kittila*, C.A. No. 8024-ML (Final Report) at 1. *See also id.* at 34 (Wilma indicated an intent to remove the Kittilas from her will before the guardianship was filed).
[8] *Id.*